Christopher Kao (SBN 237716)
 christopher.kao@pillsburylaw.com
Brock S. Weber (SBN 261383)
 brock.weber@pillsburylaw.com
Surui Qu (SBN 332105)
 surui.qu@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000
Facsimile:   415.983.1200

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TECHNOLOGY IN ARISCALE, LLC,

Plaintiff,

vs.

RAZER USA, LTD.,

Defendant.

Case No. 22-cv-02310-JWH-ADS

**DEFENDANT RAZER USA, LTD.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF PATENT INVALIDITY UNDER 35 U.S.C. § 101**

Hearing Date: February 23, 2024
Time: 9:00 a.m.
Courtroom: 9D
Judge: Honorable John W. Holcomb

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ........................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 2

I.    INTRODUCTION ........................................................................................ 2

II.   STATEMENT OF FACTS .......................................................................... 3

III.  LEGAL STANDARDS ............................................................................... 4

IV.  ARGUMENT .............................................................................................. 6

      A.    The Section 101 Analysis May Be Applied To Representative Claim 1 Of The Patent-In-Suit, Which Is Directed To The Abstract Idea Of Decoding Information. ................................................. 6

      B.    The Asserted Claims Of The Patent-In-Suit Fail The *Alice* Test. .......... 6

      C.    The FAC's New Allegations Do Not Cure The Inherent Invalidity Of The Patent-In-Suit. .......................................................... 10

V.   CONCLUSION ......................................................................................... 13

Defendant's Motion for Judgment on the Pleadings of      i             Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   882 F.3d 1121 (Fed. Cir. 2018) ........................................................... 4, 13

*Alice Corp. Pty. Ltd. v. CLS Bank International*,
   573 U.S. 208 (2014) ..................................................................... *passim*

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
   967 F.3d 1285 (Fed. Cir. 2020) ................................................................ 8

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018) ................................................................ 5

*Berkheimer* v. *HP Inc.*,
   890 F.3d 1369 (Fed. Cir. 2018) ................................................................ 5

*Bilski v. Kappos*,
   561 U.S. 593 (2010) .................................................................................. 4

*Blackberry Ltd.* v. *Facebook, Inc.*,
   No. 18-cv-01844-GW(KSX), 2018 WL 4847053 (C.D. Cal. Aug. 21,
   2018) ........................................................................................................ 5

*BSG Tech LLC v. Buyseasons, Inc.*,
   899 F.3d 1281 (Fed. Cir. 2018) .............................................................. 13

*ChargePoint, Inc. v. SemaConnect, Inc.*,
   920 F.3d 759 (Fed. Cir. 2019) .................................................................. 3

*Chavez v. United States*,
   683 F.3d 1102 (9th Cir. 2012) ................................................................ 12

*Cholla Ready Mix, Inc. v. Civish*,
   382 F.3d 969 (9th Cir. 2004) .................................................................. 12

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat.
   Ass'n*, 776 F.3d 1343 (Fed. Cir. 2014) ........................................... 6, 8, 13

*Coop. Ent., Inc. v. Kollective Tech., Inc.*,
   50 F.4th 127 (Fed. Cir. 2022) ................................................................ 10

Defendant's Motion for Judgment on the Pleadings of        ii                    Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016) ................................................................8

*Enzo Biochem, Inc. v. Gen–Probe Inc.*,
  424 F.3d 1276 (Fed. Cir. 2005) ..............................................................12

*Erickson v. Boston Sci. Corp.*,
  846 F. Supp. 2d 1085 (C.D. Cal. 2011) ....................................................4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
  955 F.3d 1317 (Fed. Cir. 2020) ................................................................5

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021) ..........................................................7, 11

*Interval Licensing LLC v. AOL, Inc.*,
  896 F.3d 1335 (Fed. Cir. 2018) ................................................................7

*Le Roy v. Tatham*,
  55 U.S. 156 (1852) ....................................................................................9

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015) ................................................................4

*PersonalWeb Techs. LLC v. Google LLC*,
  8 F.4th 1310 (Fed. Cir. 2021) ...................................................................4

*RecogniCorp, LLC v. Nintendo Co., Ltd.*,
  855 F.3d 1322 (Fed. Cir. 2017) ....................................................3, 5, 10

*RingCentral, Inc. v. Dialpad, Inc.*,
  372 F. Supp. 3d 988 (N.D. Cal. 2019) ...................................................12

*SAP Am., Inc. v. InvestPic, LLC*,
  898 F.3d 1161 (Fed. Cir. 2018) ................................................................4

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017) ................................................................9

*Western Digital Technologies, Inc. v. Viasat, Inc.*,
  22-cv-04376-HSG, 2023 WL 7739816 (N.D. Cal. Nov. 15 2023) ....................9, 11

*Yu v. Apple Inc.*,
  1 F.4th 1040 (Fed. Cir. 2021) .......................................................5, 8, 9, 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Codes</u>

35 U.S.C. § 101 ................................................................................................. 2, 3, 13

## <u>Rules</u>

Fed. R. Civ. P. 12(c) ...................................................................................................... 4

Defendant's Motion for Judgment on the Pleadings of        iv                    Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

1

## **NOTICE OF MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3        PLEASE TAKE NOTICE that on February 23, 2024 at 9:00 a.m., or as soon
4 thereafter as this matter may be heard, Defendant Razer USA Ltd. ("Razer") will and
5 hereby does move the Court for a judgment on the pleadings pursuant to Rule 12(c) of
6 the Federal Rules of Civil Procedure for invalidity of U.S. Patent No. 8,139,652 under
7 35 U.S.C. § 101 for claiming patent-ineligible subject matter.

8        This Motion will be heard in the Courtroom of Judge John W. Holcomb for the
9 United States District Court in the Central District of California.  The Court is located
10 at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth
11 Street, Courtroom 9D, Santa Ana, CA 92701-4516.

12        This Motion is based on this Notice of Motion, the Memorandum of Points and
13 Authorities set forth below, the pleadings on file in this action, and such further
14 evidence and argument as may be presented at or before the time this motion is taken
15 under submission.

16        This Motion is made following the conference of counsel pursuant to L.R. 7-3,
17 which took place on January 18, 2024.  Plaintiff opposes the motion.

18

19 Dated:  January 26, 2024                    PILLSBURY WINTHROP SHAW PITTMAN LLP

20

21                                            _/s/ Christopher Kao_
                                             Christopher Kao
22

23                                           Attorneys for Defendant
                                             Razer USA, Ltd.
24

25

26

27

28

Defendant's Motion for Judgment on the Pleadings of         1        Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Razer USA, Ltd. ("Defendant" or "Razer"), pursuant to Federal Rules of Civil Procedure 12(c), respectfully moves for a judgment on the pleadings that U.S. Patent No. 8,139,652 (the "'652 Patent" or "Patent-in-Suit") is invalid under 35 U.S.C. § 101.

## I.    INTRODUCTION

This Court dismissed Plaintiff's original Complaint (ECF No. 1) against Defendant Razer USA, Ltd. ("Defendant" or "Razer") because, among other deficiencies, the Patent-in-Suit is directed to unpatentable subject matter under 35 U.S.C. § 101, as it fails the test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  As this Court already found, representative Claim 1 of the Patent-in-Suit "is directed to the abstract idea of decoding information."  ECF No. 36 at 9.  The Court also noted that in its original Complaint, "Ariscale does not address [*Alice*] Step Two," which "considers whether the claim includes an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention."  *Id.* (citation omitted).  The Court therefore dismissed the Complaint because the Patent-at-Issue was directed to an abstract idea and was not entitled to patent protection as a matter of law.  However, the Court granted Plaintiff leave to file an amended complaint in the event that Plaintiff could correct the defect relevant to Step Two of the *Alice* test.

Plaintiff has filed a First Amended Complaint (ECF No. 37, "FAC") that does not cure the patent-eligibility shortcomings inherent in the Patent-in-Suit.  The FAC fails to point to any claimed function that is unconventional or otherwise provides a technical solution or improvement to any process or device.  Nothing unconventional or inventive is recited in the patent claims.  Instead, the FAC quotes generic statements from the patent specification, but mere conclusions cannot support patentability, and, in any event, the specification cannot be used to import details into claims if those details are not actually claimed—and, here, they are not.  *See ChargePoint, Inc. v.*

4879-6121-3082

*SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019); *see also RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017) ("To save a patent at step two, an inventive concept must be evident in the claims."). The FAC's reliance on statements in the specification does not create an inventive concept where none is recited in the claims.

Because the Patent-in-Suit claims are directed to nothing but ineligible abstract ideas, and because nothing in Plaintiff's FAC establishes otherwise, Razer respectfully requests that the Court grant this Motion for Judgment on the Pleadings.

## II.    STATEMENT OF FACTS

Plaintiff originally filed its Complaint on December 23, 2022, alleging that certain Razer products (the "Accused Products") infringe the Patent-in-Suit. ECF No. 1, ¶¶ 9, 22.

On February 23, 2023, Razer filed a motion to dismiss on the grounds that the Complaint failed to adequately plead patent infringement and that the Patent-in-Suit is drawn to ineligible subject matter in violation of 35 U.S.C. § 101. ECF No. 16.

Following full briefing by the parties and a hearing in July 2023, this Court granted Razer's motion and dismissed the Complaint. ECF No. 36. Notably, in granting Razer's motion, this Court found that Claim 1 of the Patent-in-Suit is representative of Claims 2, 14 and 15, and is directed to the abstract idea of decoding information. *Id.* at 7-9. This Court also noted in evaluating Step Two of the *Alice* test that it must consider whether the <u>claim limitations</u> teach implementing the abstract idea using something more than well-understood, routine, or conventional techniques. *Id.* at 9. The Court further recognized that Plaintiff's Complaint did not identify any claimed advance over conventional technology. *Id.*

The Court dismissed the Complaint, but granted Plaintiff leave to amend. *Id.* at 10. Plaintiff has filed a FAC and a redlined comparison of the FAC to the Complaint. ECF Nos. 37-38. In the FAC, Plaintiff asserts Claims 1 and 14 of the Patent-in-Suit. ECF No. 37, ¶¶ 50-56.

III.    **LEGAL STANDARDS**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rules 12(b)(6) and 12(c) are substantively identical. … For a 12(c) motion, the Court accepts the allegations of the non-moving party as true. … If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Erickson v. Boston Sci. Corp.*, 846 F. Supp. 2d 1085, 1089 (C.D. Cal. 2011) (internal citations omitted).

Patent eligibility under Section 101 is a "threshold test" that should be answered early in a case. *See Bilski v. Kappos*, 561 U.S. 593, 602 (2010). "Addressing 35 U.S.C. § 101 at the outset not only conserves scarce judicial resources and spares litigants the staggering costs associated with discovery and protracted claim construction litigation, it also works to stem the tide of vexatious suits brought by the owners of vague and overbroad business method patents." *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363-64 (Fed. Cir. 2015).

The Federal Circuit has repeatedly held that a § 101 inquiry "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) (collecting cases).

For Rule 12(c) motions, the Federal Circuit applies the procedural law of the regional circuit. *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021). In the Ninth Circuit, the standard is "whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Id.* (cleaned up). When deciding a Rule 12(c) motion, the patents asserted in the complaint are part of the pleadings on which judgment is granted. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). "In analyzing whether the claims are patent eligible, [courts] employ the two-step

1   analysis articulated in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*,

2   566 U.S. 66 (2012), and further delineated in *Alice*." *Id.*

3       The first step, or *Alice* Step One, "looks to the claim's 'character as a whole'"

4   and considers if the claim is directed to an abstract idea. *Ericsson Inc. v. TCL Commc'n*

5   *Tech. Holdings Ltd.*, 955 F.3d 1317, 1326 (Fed. Cir. 2020); *see also Yu v. Apple Inc.*, 1

6   F.4th 1040, 1043 (Fed. Cir. 2021) (Step One requires "asking what the patent asserts to

7   be the focus of the claimed advance over the prior art").

8       If the claim is directed to an abstract idea, the inquiry proceeds to *Alice* Step Two,

9   which asks whether the claim elements, considered "both individually and 'as an

10  ordered combination,'" recite an "inventive concept" that is "sufficient to ensure that

11  the patent in practice amounts to significantly more than a patent upon the [abstract

12  idea] itself." *Alice*, 573 U.S. at 217–18. "To save a patent at step two, an inventive

13  concept must be evident in the claims." *Recognicorp*, 855 F.3d at 1327. The alleged

14  inventive concept cannot be either an abstract idea itself or a generic computer

15  implementation. *See, e.g.*, *Berkheimer* v. *HP Inc.*, 890 F.3d 1369, 1374 (Fed. Cir.

16  2018).

17      Importantly, the Section 101 inquiry must remain focused on the claims. No

18  deference is owed to a complaint's rote or unsupported recitations that a claimed

19  element is non-routine. *Blackberry Ltd. v. Facebook, Inc.*, No. 18-cv-01844-GW(KSx),

20  2018 WL 4847053, at *8–*10 (C.D. Cal. Aug. 21, 2018) (invalidating BlackBerry's

21  patent despite complaint's allegations that the claims were non-routine and

22  unconventional). Additionally, improvements disclosed in the specification can confer

23  patent eligibility only "to the extent they are captured in the claims." *Berkheimer v. HP*

24  *Inc.*, 881 F.3d 1360, 1369–70 (Fed. Cir. 2018) (emphasis added).

25

26

27

28

## IV.   ARGUMENT

### A.   The Section 101 Analysis May Be Applied To Representative Claim 1 Of The Patent-In-Suit, Which Is Directed To The Abstract Idea Of Decoding Information.

Courts are free to treat claims together for purposes of determining patentable subject matter when those claims contain the same basic elements.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).   Accordingly, a movant may challenge eligibility by analyzing representative claims, and need not engage in the repetitive and unnecessary task of attacking each claim individually.

Here, this Court has held that Claim 1 is representative.  ECF No. 36 at 7, n.21 (recognizing that Claim 1 of the Patent-in-Suit is representative of Claims 2, 14-15). Plaintiff also concedes that Claim 1 is representative of Claim 14 in the FAC.  ECF No. 37, ¶ 17 (recognizing that Claims 1 and 14 are similar and the only difference is that Claim 14 claims a device practicing the method claimed in Claim 1).   Thus, Razer's analysis below with respect to Claim 1 of the Patent-in-Suit applies to all asserted claims.

### B.   The Asserted Claims Of The Patent-In-Suit Fail The *Alice* Test.

As this Court already found, the claims of the Patent-in-Suit are not drawn to patent-eligible subject matter.  Rather, the asserted claims are directed to the abstract idea of receiving, manipulating, and decoding data at a high level of generality, and nothing more.

In the FAC, Plaintiff alleges that Razer infringes Claims 1 and 14 of the Patent-in-Suit.  ECF No. 37, ¶¶ 50-56, and Ex. F.  Representative Claim 1 recites:

1. A computer-implemented method for decoding a transmission signal, the method comprising:

    **receiving**, using a computer processor, the transmission signal, which is formed by repeating symbols including downlink frame prefix

information, encoding repeated symbols to form encoding blocks, and interleaving the encoding blocks;

**deinterleaving**, using a computer processor, the received transmission signal;

**combining**, using a computer processor, symbols at the same positions of deinterleaved encoding blocks among the repeated symbols in the deinterleaved transmission signal; and

**decoding**, using a computer processor, the combined symbols.

As can be seen above, this claim is recited in high-level and generic language. The claim amounts to nothing more than merely "receiving," manipulating ("deinterleaving," "combining") and "decoding" data. This Court has already determined, and Plaintiff does not dispute, that Claim 1 is "directed to receiving, manipulating, and decoding data" which, as established by Federal Circuit precedent, is "an abstract idea under § 101." ECF No. 36 at 7-8 (collecting cases).

Having failed *Alice* Step One, the only remaining question is whether Claim 1 "add[s] <u>enough</u> … to" the patent-ineligible abstract idea to render the claim patentable. *Mayo*, 566 U.S. at 77 (emphasis in the original). Claim language that is drafted in general terms and lacks detail is insufficient to transform it into an inventive concept. Claim 1 is recited at a high level of generality and abstraction—it contains no description of <u>how</u> the receiving, deinterleaving, combining and decoding steps are performed. The Federal Circuit has repeatedly found such results-oriented claims to be ineligible under Section 101. *See, e.g.*, *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1343 (Fed. Cir. 2018) (A claim is ineligible if it "fail[s] to recite a practical way of applying an underlying idea ... [and] instead [is] drafted in such a result-oriented way that [it] amount[s] to encompassing 'the principle in the abstract' no matter how implemented."); *Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1363 (Fed. Cir. 2021) (At the eligibility phase, "the claim itself 'must identify 'how' that functional result is achieved by limiting the claim scope to structures specified at some level of

1   concreteness, in the case of a product claim, or to concrete action, in the case of a
2   method claim.'") (quoting *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d
3   1285, 1302 (Fed. Cir. 2020)).

4        In addition, each step and limitation of Claim 1 was "well-understood, routine,
5   and conventional" at the time of the alleged invention.   The patent specification
6   acknowledges that the claimed receiving, deinterleaving, combining and decoding
7   processes were well known and conventional.   As the specification makes clear, the
8   purported invention uses known transmission schemes to receive, deinterleave,
9   combine and decode data. *See* '652 Patent at 1:63-2:6 (describing in "BACKGROUND
10  ART" that the "conventional signal transmission/reception scheme" consisting of
11  "receiv[ing]," "deinterleaving" and "decod[ing]" processes), at 6:32-40 (disclosing that
12  deinterleaving is a process in which symbols are added and multiplied by 1/2 and that
13  "those skilled in the art may also use other methods for combining repeated symbols
14  for normalization").   Plaintiff did not invent these processes.   Plaintiff cannot save
15  highly generalized language in a patent claim by pointing to well understood, routine,
16  conventional decoding steps. *See, e.g., Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d
17  1350 (Fed. Cir. 2016) (rejecting claims at Step Two because "[n]othing in the claims,
18  understood in light of the specification, requires anything other than off-the-shelf,
19  conventional computer, network, and display technology for gathering, sending, and
20  presenting the desired information"); *Content Extraction & Transmission LLC v. Wells
21  Fargo Bank, Nat. Ass'n*, 776 F.3d 1343 (Fed. Cir. 2014) (ruling that, "for the role of the
22  computer to be deemed meaningful in the context of [the *Alice* Step Two] analysis, it
23  must involve more than performance of 'well-understood, routine, [and] conventional
24  activities previously known to the industry'") (quoting *Alice*, 573 U.S. at 225); *Yu*, 1
25  F.4th at 1045 ("Because claim 1 is recited at a high level of generality and merely
26  invokes well-understood, routine, conventional components to apply the abstract idea
27  … claim 1 fails at step two.") (citations omitted).

28

Defendant's Motion for Judgment on the Pleadings of          8          Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

1        To the extent the patent discloses a specific way of decoding data, it chose not to

2  describe that way <u>in the claims</u>.  For example, the "separate reception performance

3  improvement scheme for the DL_Frame_Prefix information" repeated in the FAC as a

4  purported advance over the prior art (*see* ECF No. 38, ¶¶ 19-21) <u>is not recited in the</u>

5  <u>actual claim language</u>.  This lack of an inventive concept in the claim itself is fatal.  *See*

6  *Yu*, 1 F.4th at 1045 ("In other words, the main problem that Yu cannot overcome is that

7  the *claim*—as opposed to something purportedly described in the specification—is

8  missing an inventive concept.") (cleaned up) (citing and quoting *Two-Way Media Ltd.*

9  *v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017); *see also*

10  *Western Digital Technologies, Inc. v. Viasat, Inc.*, 22-cv-04376-HSG, 2023 WL

11  7739816, *5 (N.D. Cal. Nov. 15 2023) ("a critical problem with Plaintiffs' argument is

12  that this alleged improvement is untethered to the actual language of [the] claim").  As

13  drafted, Claim 1 is invalid under Section 101.

14        Moreover, as the Supreme Court explained in *Alice*, a focus of the Step Two

15  inquiry is whether the claims "disproportionately t[ie] up the use of the underlying

16  ideas," or, in other words, whether the claims preempt any application of the abstract

17  idea.  *Alice*, 573 U.S. at 217.  When a patent claims only the result or effect of an abstract

18  idea (such as receiving and decoding data), and not a specific technique or method to

19  achieve that result or effect, then the patent preempts use of the abstract idea altogether

20  and is invalid.  *Le Roy v. Tatham*, 55 U.S. 156, 175 (1852) ("A patent is not good for

21  an effect, or the result of a certain process" because such patents "would prohibit all

22  other persons from making the same thing by any means whatsoever.").  Here, based

23  on the claim language, the Patent-in-Suit would tie up and preempt any technique or

24  method for receiving and decoding a transmission signal.  This risk of preemption is

25  further confirmation that the asserted claims are invalid under § 101 as a matter of law.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.    The FAC's New Allegations Do Not Cure The Inherent Invalidity Of The Patent-In-Suit.**

"To save a patent at step two, an inventive concept must be evident in the claims." *RecogniCorp*, 855 F.3d at 1327. As this Court observed, "[i]n evaluating Step Two, the Court considers whether the claim limitations, either individually or as an ordered combination, teach implementing the abstract idea using something more than well-understood, routine, or conventional techniques." ECF No. 36 at 9 (citing *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022)).

Here, the claim limitations, whether viewed individually or as an ordered combination, do not provide an inventive concept that transforms the abstract idea into patent-ineligible subject matter. Each step and limitation of the asserted claims were "well-understood, routine and conventional" at the time of the alleged invention.

Although the FAC adds eight new paragraphs alleging that certain aspects of the Patent-in-Suit provide two inventive concepts (ECF No. 37, ¶¶ 19-26), these words do nothing to avoid the inherent ineligibility of this patent in light of the plain language of the claims.

Added paragraphs 19-21 of the FAC assert that the patent is directed to a "novel and non-obvious" way of "receiving and decoding downlink frame prefix information." *Id.*, ¶ 20 ("one inventive concept of claim 1, which is novel and non-obvious … is the recited receiving and decoding of downlink frame prefix information"). Plaintiff alleges that the patent discloses an improvement to the "conventional signal transmission/reception scheme," which provides "a separate reception performance improvement scheme" of downlink prefix information and thus "improve[s] the performance of a wireless communication system by preventing the loss of information for data reception." *Id.*, ¶¶ 20-21 (quoting '652 Patent specification at 2:22-28, 4:37-43).

Critically, the alleged improvement, i.e., the "separate reception performance improvement scheme" for the downlink frame prefix information, is untethered to the

Defendant's Motion for Judgment on the Pleadings of     10     Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082

1  actual language of Claim 1.  <u>The claim does not recite the use of a separate scheme for</u>
2  <u>downlink frame prefix information only</u>.  Instead, Claim 1 on its face broadly claims
3  any method/structure for receiving and decoding a transmission signal that includes
4  downlink frame prefix information as well as other symbols, without requiring a
5  separate scheme for the downlink frame prefix information.  '652 Patent, Claim 1
6  (claiming "receiving" and "deinterleaving" the "transmission signal, which is formed
7  by repeating symbols including downlink frame prefix information").  Indeed, as the
8  patent specification acknowledges, transmission of a downlink frame signal that
9  includes frame prefix information in general <u>was known and conventional</u>.  *Id.* at 1:38-
10  2:21 (describing transmission of a downlink frame signal including frame configuration
11  information, i.e., a downlink frame prefix DL_Frame_Prefix, transmitted through a
12  Frame Control Header (FCH) as "BACKGROUND ART").  The specification makes
13  clear that the inclusion of "downlink frame prefix information" in the signal receiving
14  and decoding scheme is well-understood, routine, and conventional.  Therefore, even
15  accepting as true the allegation that the inclusion of a separate scheme for downlink
16  frame prefix information different from that for the remaining symbols included in a
17  transmission signal is unconventional, this is not recited in the claims, and thus cannot
18  supply the missing inventive concept.  *See Yu*, 1 F.4th at 1045; *Western Digital*
19  *Technologies*, WL 7739816, *5.

20  Moreover, the claim notably does not recite how the purported solution and
21  benefits may be achieved through the claimed invention, which is a hallmark of
22  unpatentable abstractness.  *See Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d
23  1355, 1363 (Fed. Cir. 2021) ("As a result, a claim is ineligible if it fails to recite a
24  practical way of applying an underlying idea ….") (quotation marks and citation
25  omitted).

26  Plaintiff's assertion in added Paragraphs 22-26 of the FAC suffers from the same
27  flaws.  Plaintiff asserts that the "combining" step provides an inventive concept because
28  "it is possible to improve the reception performance of information by mutually

combining frame intervals including information requiring superior reception performance, as compared to a conventional reception method" to "improve both the error rate (BER) and the signal-to-noise ratio (Eb/No) of networks." ECF No. 37, ¶¶ 23-24 (citing '652 Patent at 4:44-48, 7:33-39). However, this alleged improvement is not at all captured by the claim language. The terms "mutually combining" and "frame intervals" are not even present in the claim language. Nothing in the plain language of Claim 1 requires the combining step to be more than the simple mathematical process defined in the specification in which symbols are added and multiplied by 1/2. '652 Patent at 6:32-40. The specification further recognizes that to implement the "combining" step, "<u>those skilled in the art may also use other [known and conventional] methods for combining repeated symbols for normalization</u>." *Id.* (emphasis added). That is, the specification confirms that the claim broadly covers any admittedly conventional method of combining symbols for normalization.

Thus, Plaintiff's assertion regarding the benefits achieved by averaging symbol values does not support its attorney argument that the alleged combining process is "novel and non-obvious," and this Court should not accept them as true in ruling on this Motion. *See Enzo Biochem, Inc. v. Gen–Probe Inc.*, 424 F.3d 1276, 1284 (Fed. Cir. 2005) ("Attorney argument is no substitute for evidence."); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (on a Rule 12(b)(6) motion, the Court is not "'required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'") (internal citation omitted); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible."); *RingCentral, Inc. v. Dialpad, Inc.*, 372 F. Supp. 3d 988, 995 (N.D. Cal. 2019) (granting motion to dismiss under § 101 where "the 'unconventional' allegations are conclusory, and the Court need not accept them as true" and plaintiff's complaint "does not allege 'specific' facts 'suggesting] that the

1  claimed invention is directed to an improvement in the computer technology itself"')
2  (quoting *Aatrix Software*, 882 F.3d at 1126-28).

3        Even crediting Plaintiff's arguments as true, however, the combining process that
4  Plaintiff relies on is precisely the idea that the Court found abstract at *Alice* Step One:
5  the manipulation of data.  ECF No. 36 at 7.  An abstract idea cannot itself supply an
6  inventive concept.  *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir.
7  2018) ("It has been clear since *Alice* that a claimed invention's use of the ineligible
8  concept to which it is directed cannot supply the inventive concept that renders the
9  invention 'significantly more' than that ineligible concept."); *see also Content*
10 *Extraction*, 776 F.3d at 1347 (noting that an inventive concept must be "something
11 sufficient to ensure that the claim amounts to significantly more than the abstract idea
12 itself") (quotation omitted).

13       In sum, as this Court has already ruled, the '652 Patent is invalid under Section
14 101 because it claims patent-ineligible subject matter.  The FAC does not alter this
15 conclusion—the asserted claims fail to satisfy *Alice* Step Two.

16 **V.   CONCLUSION**

17       For the foregoing reasons, all of the asserted claims of the Patent-in-Suit are
18 invalid as a matter of law under 35 U.S.C. § 101.  The inherent ineligibility of this patent
19 is not something that can be fixed by amending the pleading allegations.  Accordingly,
20 Razer respectfully requests that the Court grant its motion and enter judgment in favor
21 of Razer pursuant to Federal Rule of Civil Procedure 12(c).

22

23 Dated:  January 26, 2024            PILLSBURY WINTHROP SHAW PITTMAN LLP

24

25                                */s/ Christopher Kao*
                                Christopher Kao

26

27                            Attorneys for Defendant
                           Razer USA, Ltd.

28

Defendant's Motion for Judgment on the Pleadings of    13    Case No. 22-cv-02310-JWH-ADS
Patent Invalidity Under 35 U.S.C. § 101

4879-6121-3082