# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY IN ARISCALE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RAZER USA, LTD., <br><br> Defendant. | Case No. 8:22-cv-02310-JWH-ADS <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 41]** |

In its First Amended Complaint, Plaintiff Technology in Ariscale, LLC accuses Defendant Razer USA, Ltd. of infringing Ariscale's U.S. Patent No. 8,139,652 (the "'652 Patent").[1]  Presently before the Court is Razer's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Specifically, Razer seeks a determination that the '652 Patent is invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter.[2]  After considering the papers filed in support and in opposition,[3] as well as the oral argument of counsel at the hearing on the Motion, the Court **GRANTS** the Motion and **DISMISSES** the Amended Complaint **without leave to amend**.

## I.  BACKGROUND

**A.  Procedural History**

In December 2022, Ariscale filed its Complaint, thereby commencing this action.[4]  Ariscale alleged that Razer's activities concerning its "Wi-Fi compatible" products infringe at least Claims 1, 2, 14, and 15 of the '652 Patent, which is entitled "Method and Apparatus for Decoding Transmission Signals in a Wireless Communication System."[5]  Two months later, Razer moved to dismiss Ariscale's Complaint.[6]

---

[1]    First Am. Compl. (the "Amended Complaint") [ECF No. 37] ¶¶ 43-57.

[2]    Def.'s Mot. for Judgment on the Pleadings (the "Motion") [ECF No. 41].

[3]    The Court considered the documents of record in this action, including the following papers:  (1) Amended Complaint; (2) Motion; (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 43]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 45].

[4]    Compl. (the "Complaint") [ECF No. 1].

[5]    *See generally id*.

[6]    Def.'s Mot. to Dismiss [ECF No. 16].

In November 2023, the Court issued an order granting Razer's motion and dismissing Ariscale's infringement claim.[7] The Court found Claim 1 of the '652 Patent representative of Claims 2, 14, and 15[8] and concluded that Claim 1 is directed to the abstract idea of decoding information.[9] The Court also concluded that Ariscale had not pleaded any facts that would plausibly support a finding of an inventive concept in Claim 1.[10] However, the Court granted Ariscale leave to amend.[11]

In December 2023, Ariscale filed the operative Amended Complaint.[12] Like its original Complaint, Ariscale's Amended Complaint alleges that Razer's products infringe the '652 Patent because those products comply with the Institute of Electrical and Electronics Engineers 802.11ac standard (the "Wi-Fi Standard").[13] Again, Ariscale does not assert that the '652 Patent is a standard essential patent.[14] Ariscale attached a claim chart to its Amended Complaint that compares Claim 1 of the '652 Patent with the Wi-Fi Standard.[15] Ariscale alleges that the specification of the '652 Patent and external commentary

---

[7] Order regarding Mot. to Dismiss ("Order") [ECF No. 36].

[8] *Id.* at 7 n.21.

[9] *Id.* at 9.

[10] *Id.* at 10.

[11] *Id.*

[12] *See generally* Amended Complaint.

[13] *Compare id.* ¶¶ 29 & 31 *with* Complaint ¶¶ 19, 21, & 22.

[14] *Compare* Amended Complaint ¶ 18 ("The '652 Patent is directed to important improvements related to the VHT-SIG-B field which is introduced in IEEE 802.11ac Standard.") *with* Complaint ¶ 21 ("[O]n information and belief, it is clear to those of ordinary skill in the art that practicing methods of decoding received signals that have been transmitted according to the 802.11ac standard infringes ARISCALE's Asserted Patent.").

[15] Amended Complaint ¶¶ 36–40; *see also* Claim Chart [ECF No. 37-6].

directed to the Wi-Fi Standard provide evidence of an inventive concept in Claim 1.[16]

Razer filed the instant Motion in January 2024, and it is fully briefed.[17]

**B.  Technology at Issue**

The Court discussed the technological background of the '652 Patent in its ruling on Razer's Motion to Dismiss.[18]  The Court incorporates that discussion by reference here.  Representative Claim 1 of the '652 Patent discloses:

> 1. A computer-implemented method for decoding a transmission signal, the method comprising:
>
> receiving, using a computer processor, the transmission signal, which is formed by repeating symbols including downlink frame prefix information, encoding repeated symbols to form encoding blocks, and interleaving the encoding blocks;
>
> deinterleaving, using a computer processor, the received transmission signal;
>
> combining, using a computer processor, symbols at the same positions of deinterleaved encoding blocks among the repeated symbols in the deinterleaved transmission signal; and
>
> decoding, using a computer processor, the combined symbols.[19]

---

[16]  *See* Amended Complaint ¶¶ 20, 21, & 23–26.

[17]  *See generally* Motion; Opposition; Reply.

[18]  Order 2–4.

[19]  '652 Patent [ECF No. 37-1], Claim 1.

## II. LEGAL STANDARD

At any time after the pleadings close and before the trial commences, a party may move for a judgement on the pleadings. *See* Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is substantively identical to a motion to dismiss under Rule 12(b)(6); it tests the legal sufficiency of the claims asserted in the complaint. *See Erickson v. Boston Sci. Corp.*, 846 F. Supp. 2d 1085, 1089 (C.D. Cal. 2011) (internal citations omitted). In ruling on a Rule 12(c) motion, the Court accepts all allegations of the non-moving party as true. *See id.* The Court then determines "whether the complaint at issue contains sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021) (applying Ninth Circuit procedural law) (internal quotation marks omitted).

The Court provided the relevant legal standards regarding subject matter eligibility under 35 U.S.C. § 101 in its prior ruling.[20] The Court incorporates that discussion by reference here.

The Federal Circuit recognizes that a district court may determine patent eligibility under § 101 in connection with a Rule 12(b)(6) or a Rule 12(c) motion, "where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) (collecting cases).

## III. DISCUSSION

Razer moves for judgment on the pleadings on the ground that the '652 Patent claims ineligible subject matter under 35 U.S.C. § 101. The Court

---

[20] Order 4–5.

previously found Claim 1 directed to the abstract idea of decoding information.[21] Thus, this ruling concerns only *Alice/Mayo* Step Two.

## A. *Alice/Mayo* Step Two

The Step Two inquiry considers whether the claim includes "an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention." *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 1113 (2022). To contain an inventive concept, the claim must teach more than implementation of the abstract idea using well understood, routine, or conventional techniques. *See Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022). Generic functional language that describes achieving a desired result is not enough. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017). The claims must indicate *how* that result is achieved and the inventive concept must be evident in the claims, not merely in the specification. *See id.* at 1338–39.

## B. The Parties' Positions

Razer argues that Claim 1 is nonspecific and that it does not include an inventive concept.[22] Specifically, Razer asserts that Claim 1 includes "no description of how the [abstract ideas of] receiving, deinterleaving, combining and decoding" are performed.[23] Razer further contends that that the "receiving," "deinterleaving," "combining," and "decoding" steps were well understood, routine, and conventional at the time that the invention was made.[24]

Ariscale responds that Claim 1 discloses two inventive concepts. First, Ariscale argues that Claim 1 discloses providing a ***separate*** scheme for improving

---

[21] *Id.* at 8–9.

[22] Motion 7:19–22.

[23] *Id.* (emphasis in original)

[24] *Id.* at 8:4–5.

reception of downlink frame prefix information.[25] Per Ariscale, the idea of separately optimizing that information was not well understood, routine, or conventional at the time that the invention was made. Second, Ariscale asserts that the "combining" step in Claim 1 is inventive because it recites both ***what*** is to be combined ("the deinterleaved transmission signal") and ***how*** it is to be combined (by combining "symbols at the same positions of deinterleaved encoding blocks among the repeated symbols in the . . . signal").[26]

Razer replies that the '652 Patent broadly claims and preempts "any technique or method for receiving and decoding a transmission signal" instead of a ***separate*** reception performance improvement scheme for downlink frame prefix information.[27] Razer also argues that to the extent that the '652 Patent contains a separate reception improvement scheme for downlink frame prefix information, that scheme is recited only in the specification, not in Claim 1.[28] Razer further contends that the "combining" step of Claim 1 is no "more than [a] simple mathematical process . . . in which symbols are added and multiplied by 1/2."[29] Alternatively, Razer argues that the specification of the '652 Patent admits that "those skilled in the art may also use other methods for [the] combining . . ." step.[30] Razer also maintains that Claim 1 does not require the steps to be performed in any specific order.[31]

---

[25] Opposition 8:28–9:3.
[26] *Id.* at 9:24–27.
[27] Motion 9:2–5 & 9:22–24.
[28] *Id.* at 9:1–5 & 11:1–5.
[29] *Id.* at 12:6–8.
[30] *Id.* at 12:9–11 (quoting '652 Patent 6:38–39).
[31] Reply 4:11–12.

C. Analysis

The Court agrees with Razer that Claim 1 of the '652 Patent does not recite an inventive concept. Ariscale is correct that the Step Two determination may contain questions of fact and that a patent challenger must establish ineligibility by clear and convincing evidence. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). However, "patent eligibility can be determined on the pleadings under Rule 12(c) when there are no factual allegations that, when taken as true, prevent resolving the eligibility question as a matter of law." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1007 (Fed. Cir. 2018) (citations omitted). Here, Ariscale alleges no facts that would prevent the Court from resolving the eligibility question as a matter of law.

With respect to Ariscale's first substantive argument, Claim 1 does not teach a ***separate*** reception performance enhancement scheme for downlink frame prefix information. Claim 1 teaches a method for decoding a transmission signal "***including*** downlink frame prefix information."[32] That plain language could apply to any signal containing downlink frame prefix information, even a signal mostly comprised of other data. Ariscale points out that the "separate scheme" concept is described in the specification of the '652 Patent.[33] That does not save Claim 1, however. For a claim to survive Step Two, the claim itself must contain an inventive concept. *See Yu*, 1 F.4th at 1045 ("In other words, '[t]he main problem that [Yu] cannot overcome is that the *claim*—as opposed to something purportedly described in the specification—is missing an inventive concept.'") (quoting *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017) (emphasis in original)); *see also RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017)

---

[32] '652 Patent, Claim 1 (emphasis added).

[33] *See, e.g.*, Opposition 9:2–5 (citing '652 Patent, Fig. 3).

("To save a patent at step two, an inventive concept must be evident in the claims.").

Further, the specification indicates that at the time that the invention was made, wireless signals typically included downlink frame prefix information.[34] Ariscale argues the added elements of Claim 1—"receiving," "deinterleaving," "combining," and "decoding"—supply the missing inventive concept when applied to a signal including downlink frame prefix information.[35] Again, however, the specification of the '652 Patent indicates otherwise. Beside the "combining" step, the "Background Art" section discloses all elements of Claim 1 as comprising a "conventional signal transmission/reception scheme."[36] Thus, any purportedly inventive concept must be found in the "combining" step.

The "combining" step does not supply an inventive concept. Claim 1 discloses that a "computer processor" is used to "combine" matched "repeated symbols."[37] Claim 1 does not explain how the matched symbols are to be combined.[38] That disclosure demonstrates that the "combining" step is an abstract idea and that it cannot provide an inventive concept. *See Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) (invalidating a claim directed to the abstract idea of combining data).

---

[34]    *See e.g.*, '652 Patent 2:6–10 & 2:22–23 (describing "a conventional signal transmission/reception scheme" as "[a] signal directly next to a preamble [that] . . . includes . . . a Downlink Frame Prefix").

[35]    Opposition 6:1–8.

[36]    '652 Patent 2:2 ("receiving"), 2:4 ("deinterleaving"), & 2:5 ("decoding").

[37]    *Id.* at Claim 1.

[38]    *Id.*


Moreover, the "combining" step comprises conventional methods. The specification of the '652 Patent describes the "combining" step as simple arithmetic averaging.[39] Similarly, in the Amended Complaint, Ariscale cites two independent documents related to the IEEE Wi-Fi Standard that Ariscale alleges explain the inventive concept of Claim 1.[40] The quotes that Ariscale selects from both documents note, "processing gain [is achieved by] *averaging* repeated soft values."[41] Arithmetic averaging cannot supply the missing inventive concept because that process can be "performed in the human mind, or by a human using a pen and paper." *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011).

Reading Claim 1 in light of the specification of the '652 Patent confirms that the "combining" step was well understood, routine, and conventional at the time that the invention was made. The specification notes that practitioners skilled in the art may choose "other methods" (instead of arithmetic averaging) for the "combining" step.[42] Thus, the Court agrees with Razer that that statement, combined with the lack guidance in Claim 1 about how the "combining" step should be performed, compels the conclusion that the "combining" step comprises techniques that were well-known to those skilled in the art at the time that the invention was made.

Finally, Ariscale fails to plead facts showing that the "combining" step supplies an inventive concept when viewed as an ordered combination with the other elements of Claim 1. Ariscale argues that "the . . . claim 1 feature of

---

[39] *See id.* at Fig. 4 (showing two signals added together then multiplied by ½) & 6:32–36 (characterizing the combination process as taking an arithmetic average of two signals).

[40] Amended Complaint ¶¶ 25 & 26.

[41] *Id.* (emphasis added).

[42] '652 Patent 6:38–40.

'combining symbols' . . . after 'deinterleaving,' before 'decoding' is also not taught or suggested in the conventional art and results in improvements in functionality of a wireless network."[43] First, the Court disregards Ariscale's unsupported attorney argument on that point. Attorney argument regarding the unconventionality of a claim element is conclusory; it does not constitute a factual allegation. *See Simio, LLC v. FlexSim Software Prod's, Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) ("We disregard conclusory statements when evaluating a complaint under Rule 12(b)(6).") Second, the specification discloses that "it is possible to improve the reception performance . . . by mutually combining frame intervals including information requiring superior reception performance," but it does not provide a specific order for the "combining" step.[44] Thus, Ariscale's "ordered combination" argument fails.

    Further, the specification of the '652 Patent discloses that "the symbol combination and averaging of the present invention may also be performed before the deinterleaving and decoding."[45] Similarly, Claim 2 of the '652 Patent is identical to Claim 1 except that the "combining" and "deinterleaving" steps are disclosed in reverse order.[46] The Court previously found Claim 1 representative of Claim 2, which finding Ariscale does not presently dispute.[47] Taken together, those disclosures and findings suggest that the sequencing of

---

[43]   Amended Complaint ¶ 23.

[44]   *Id.* (quoting '652 Patent 4:44–48).

[45]   '652 Patent 6:49–51.

[46]   Compare the ordered combinations in the '652 Patent, Claim 1 ("receiving," "deinterleaving," "<u>combining</u>," then "decoding") with those in 652 Patent Claim 2 ("receiving," "<u>combining</u>," "deinterleaving," then "decoding").

[47]   Ariscale no longer asserts Claims 2 and 15. *See generally* Amended Complaint.

steps in Claim 1 does not, in and of itself, confer the alleged "unconventional advantages" of Claim 1.[48]  Accordingly, the Court concludes that the ordered combination of steps in Claim 1 does not comprise an inventive concept.

In view of the foregoing, the Court identifies no plausible factual basis for finding an inventive concept in Claim 1.  *See Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905 (Fed. Cir. 2017) ("In ruling on a [Rule] 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification.") (quotation omitted); *see also Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022) ("[T]he district court need not accept a patent owner's conclusory allegations of inventiveness.").

### D. Leave to Amend

Ariscale requests leave to amend,[49] but Razer argues that any amendment would be futile.[50]  Ariscale does not explain any basis on which it could amend its pleading to address the issues raised in the Motion and discussed in this Order.  Accordingly, the Motion is **GRANTED** and the Amended Complaint is **DISMISSED without leave to amend**.

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Razer's Motion for judgment on the pleadings is **GRANTED**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: March 4, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[48] Opposition 10:21–22.

[49] *Id.* at 12:4–6.

[50] Motion 13:18–19.

-12-